# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| CHARLES DWAYNE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-0089 |
| | ) | Chief Judge Haynes |
| DEPARTMENT OF PROBATION, | ) | |
| JAMIE STAGGS, ANGELA SWANSON, | ) | |
| PUBLIC DEFENDERS OFFICE and | ) | |
| BOB STOVALL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Charles Dwayne Jackson, an inmate at the Lawrence County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Department of Probation; Probation Officer Jamie Staggs; the Public Defender's Office; Assistant District Public Defender Bob Stovall; and Angela Swanson. (Docket Entry No. 1.) Plaintiff's proceeding *in forma pauperis* and his complaint is subject to an initial review under the Prison Litigation Reform Act ("PLRA").

According to his complaint, Plaintiff alleges that Public Defender Bob Stovall has a DVD that can prove Plaintiff did not commit a crime he is accused of committing, but that Stovall refuses to provide Plaintiff or the state court with a copy of the DVD. Plaintiff also alleges that Bob Stovall will not "get [him] a court date" (Docket Entry No. 1, Complaint at 5) and that Probation Officer Jamie Staggs keeps "putting [him] in jail for being homeless" and for trying to see his family and friends. Id. Plaintiff alleges that Staggs is biased and discriminates against sex offenders, including Plaintiff. The complaint mentions Defendant Angela Swanson only in

the case caption.

Under the PLRA, the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d

584, 590 (6th Cir. 2002) (citations omitted).

Here, Plaintiff fails to allege any deprivation of rights secured by the United States Constitution or federal law by the Defendants: Angela Swanson, Bob Stovall, or the Public Defender's Office. Plaintiff also fails to allege any facts against Defendant Angela Swanson, and therefore fails to show that this Defendant is a state actor who may be sued under 42 U.S.C. § 1983 or that she was involved in any of the events alleged in the complaint.

Moreover, neither Bob Stovall nor the Public Defender's Office are state actors who are subject to suit under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981) (a public defender does not act under color of state law for purposes of § 1983).

Assuming alleged discrimination by probation officer Jamie Staggs, probation officers are deemed to act for the Court and are entitled to *quasi-judicial* immunity from this action. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (a probation officer is entitled to such quasi-judicial immunity when acting within the scope of her duties as a probation officer).

Accordingly, the Court concludes that Plaintiff fails to state a claim for which relief may be granted against any of the named Defendants.

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 4th day of September, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court